NO. 07-09-0021-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 30, 2009

______________________________


JULIUS C. BANKS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 426TH DISTRICT COURT OF BELL COUNTY;

NO. 63,762; HONORABLE FANCY H. JEZEK, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Following a plea of not guilty, Appellant, Julius C. Banks, Jr., was convicted by a jury
of delivery by actual transfer of cocaine in an amount of one gram or more but less than
four grams, enhanced. Punishment was assessed at thirty-five years confinement. In
presenting this appeal, counsel has filed an Anders


 brief in support of a motion to
withdraw. We grant counsel’s motion and affirm.
          In support of his motion to withdraw, counsel certifies he has conducted a
conscientious examination of the record and, in his opinion, the record reflects no
potentially plausible basis to support an appeal. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman, 252 S.W.3d 403, 406
(Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities,
the appeal is frivolous. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 
Counsel has demonstrated that he has complied with the requirements of Anders and In
re Schulman by (1) providing a copy of the brief to Appellant, (2) notifying him of his right
to file a pro se response if he desired to do so, and (3) informing him of his right to file a
pro se petition for discretionary review. In re Schulman, 252 S.W.3d at 408.


 By letter, this
Court granted Appellant an opportunity in which to exercise his right to file a response to
counsel’s brief, should he be so inclined. Id. at 409 n.23. Appellant did file a response. 
The State filed a brief acknowledging counsel’s conclusion that the appeal is frivolous.
 
          According to the indictment, the State was required to prove that Appellant delivered
by actual transfer more than one but less than four grams of cocaine. Tex. Health & Safety
Code Ann. § 481.112(c) (Vernon Supp. 2008). An actual transfer contemplates the manual
transfer of property from the transferor to the transferee. Heberling v. State, 834 S.W.2d
350, 354 (Tex.Crim.App. 1992). A review of the record indicates that the evidence is
legally and factually sufficient to support his conviction and no reversible errors are
presented. 
          Appellant filed a pro se response seeking to raise medical issues as arguable
grounds. His contention is not supported by any argument or authority. He has included 
a part of a petition for discretionary review in which he alleges ineffective assistance of trial
counsel and lists “conflict of interest, duty to keep client informed, prompt action to protect
the accused, and obligations to client and duty no communication.” He attached a copy
of an order of dismissal in another cause showing as grounds “Defendant pled guilty in
companion case.” He also included a copy of the Trial Court’s Certification of Defendant’s
Right of Appeal reflecting he has the right of appeal in this appeal. Appellant’s response
does not raise any reversible error.
          We too have independently examined the entire record to determine whether there
are any non-frivolous issues which might support the appeal. See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at 409;
Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such
issues. See Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the
record, counsel’s brief, and Appellant’s pro se response, we agree with counsel that there
are no plausible grounds for appeal. See Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).
          Accordingly, counsel's motion to withdraw is granted and the trial court’s judgment
is affirmed. 
                                                                           Patrick A. Pirtle

                                                                                 Justice



                                                                                                                                    

Do not publish.